IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Mariah Crenshaw,** | Case No. 1:25cv00787 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| | |
| **Dave Yost,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendant.** | |

*Pro se* plaintiff Mariah Crenshaw filed this action against Dave Yost, Ohio Attorney General, concerning a judgment entered against her by the Ohio Eighth District Court of Appeals. (Doc. No. 1). Plaintiff objects to the Ohio Appellate Court's order declaring her to be a vexatious litigant. Plaintiff appears to claim that the local appellate rule relied upon by the state court of appeals is in conflict with Ohio's vexatious litigator statute and is unconstitutional. She seeks declaratory relief stating that the statute lacks "Fifth and Fourteenth Amendment language to protect litigants from the appellate court rule" and the local appellate rule is unconstitutional. (*Id.* at 29).

Plaintiff also filed an application to proceed *in forma pauperis* (Doc. No. 2). The Court grants Plaintiff's application.

## I. Background

Plaintiff's complaint contains very few facts and is comprised almost entirely of legal arguments and one exhibit. The exhibit reveals that Plaintiff filed a lawsuit in the Cuyahoga County Court of Common Pleas regarding the content of social media posts that Plaintiff alleges were defamatory, caused her emotional distress, and constituted telephone harassment. Plaintiff

appealed a judgment against her to the Ohio Eighth District Court of Appeals. On appeal, the Eighth District Court of Appeals affirmed the trial court's judgment and, pursuant to Ohio Revised Code § 2323.52 and the Appellate Court's Local Appellate Rule 23, declared Plaintiff to be a vexatious litigator. (*See* Doc. No. 1-1). The Appellate Court barred Plaintiff from filing new appeals or continuing with current appeals *pro se* without first obtaining leave of court. And the Appellate Court further prohibited Plaintiff from filing any appeal or original action *pro se* without paying the filing fee. (*Id.* at 14-15).

On February 5, 2025, Plaintiff filed an action in the Northern District of Ohio against three Ohio Eighth District Court of Appeals judges: Eileen A. Gallagher, Frank D. Celebrezze, and Sean C. Gallagher. *See Crenshaw v. Gallagher, et al.*, No. 1:25CV218 (N.D. Ohio Feb. 5, 2025). Plaintiff claimed the judges erred in finding that she meets the criteria of a vexatious litigator under Ohio Revised Code § 2323. She also claimed the judges denied her due process and equal protection and committed the torts of negligence, slander, libel, false light, malfeasance in public office, and abuse of power. (*Id.*; Doc. No. 4 at 2). On March 25, 2025, the Court dismissed Plaintiff's action, finding the Court lacks jurisdiction over Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine and the judges are immune from suit. (*Id.*; Doc. No. 4 at 5-6).

Undeterred, Plaintiff now files this action, objecting once again to the Appellate Court's vexatious litigant order entered against her in the Ohio Eighth District Court of Appeals. This time, however, Plaintiff claims that the Appellate Court does not have the authority to *sua sponte* declare litigants vexatious without a court of common pleas judgment entry, pursuant to Ohio Revised Code§ 2323, and the Ohio Local Appellate Rule deprives litigants of their Fifth and Fourteenth Amendment rights to due process. (Doc. No. 1 at 3). Plaintiff asks this Court to "review the totality

of the cases [with] which Plaintiff was involved and the district court's rulings to determine if the constitutionality of the vexatious litigator statute was and is being properly applied." (*Id.* at 2-3). And she states that the absence of a court of common pleas final determination of vexatious litigation in compliance with the Ohio statute "should void any appellate declaration of vexatious conduct by the courts of appeals." (*Id.*).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-

me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

### A. Rooker-Feldman

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). United States District Courts do not have jurisdiction to review state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280,292 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine

bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, as in the previous case filed in this district, the source of Plaintiff's injury is the Appellate Court vexatious litigator judgment. Indeed, Plaintiff states that she has been injured by the Appellate Court's judgment, and she attaches a copy of the Appellate Court order to the complaint. (*See* Doc. No. 1 at 23; Doc. No. 1-1). Plaintiff alleges that the judges erred in following the Local Appellate Rule and *sua sponte* declaring her to be a vexatious litigator, rather than following the requirements of the Ohio statute governing vexatious litigators. And she asks this Court to review and reject that state appellate court judgment, "void[ing] any appellate declaration of vexatious conduct by the courts of appeals." (Doc. No. 1 at 3). To the extent Plaintiff is asking this Court to declare the state appellate judges were wrong and to overturn the Appellate Court's order, the Court lacks jurisdiction to grant that relief pursuant to *Rooker-Feldman*.

### B. Res Judicata

Even if the Court had jurisdiction over Plaintiff's action, to the extent Plaintiff seeks to relitigate the matter in another court in the hope of obtaining a different result, this Court cannot grant that relief.

The term "res judicata" literally means "a matter [already] judged." *Res Judicata*, BLACK'S LAW DICTIONARY (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S.

Ct. 645, 58 L. Ed. 2d 552 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.* Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Here, Plaintiff asks this Court to make a determination on the Appellate Court's vexatious litigator order. Plaintiff has already litigated this issue in federal court. A decision on an issue by one federal court bars Plaintiff from filing another case in federal court to relitigate the same issue. Additionally, this Court must give full faith and credit to the state court judgment declaring her to be a vexatious litigator. *See Anderson v. Corrigan*, No. 1:23 CV 2262, 2023 WL 8190129, 2023 U.S. Dist. LEXIS 209972, *7 (N.D. Ohio Nov. 27, 2023) (citing *Bragg*, 570 F.3d at 776).

### IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2), denies Plaintiff's motion for electronic filing privileges (Doc. No. 3), and dismisses the action pursuant to 28 U.S.C. § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

   s/*Pamela A. Barker*
PAMELA A. BARKER
Date: July 23, 2025   U. S. DISTRICT JUDGE